UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCE MAGAZINE PUBLISHERS INC. d/b/a CONDÉ NAST PUBLICATIONS,<br><br>Plaintiff,<br><br>— against —<br><br>CBK STYLES, INC.,<br><br>Defendant. | Civ. No.08 CV 4867 (PKC) (JCF)<br><br>**VERIFIED ANSWER** |

      Defendant, CBK Styles, Inc. ("CBK"), by its attorneys, Eaton & Van Winkle LLP, answers the Verified Complaint in this action, dated April 16, 2008, (the "Complaint") as follows:

      1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

      2.      Denies the allegations in paragraph 2 of the Complaint, except admits that CBK is not a New York corporation and that it has offices at 600 East Sherwood Drive, Union City, Tennessee.

      3.      Denies the allegations in paragraph 3 of the Complaint, except admits that, at the request of the entity described in the Complaint as Coastal Printing Corporation d/b/a The Coastal Group ("Coastal"), plaintiff provided certain advertising related to defendant.

      4.      Denies the allegations in paragraph 4 of the Complaint, except admits that, on information and belief, a contract or contracts were entered into between plaintiff and Coastal, and respectfully refers the Court to the referenced documents for their terms and conditions.

5. Denies the allegations contained in paragraph 5 of the Complaint and respectfully refers the Court to the referenced document for its terms and conditions.

6. Denies the allegations in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and denies that Coastal was CBK's agent.

8. Denies that any amount is due from defendant to plaintiff, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint.

9. Denies Coastal was CBK's agent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

10. The Complaint fails to state a claim upon which relief can be granted against defendant.

## SECOND AFFIRMATIVE DEFENSE

11. The Complaint fails to state a claim against defendant because the documents annexed to the Complaint are not the documents described in the Complaint and do not establish the liability plaintiff asserts in the Complaint. The Architectural Digest "Advertising Contract" referenced in the Complaint (and attached thereto as Exhibit A thereto) to support plaintiff's claim does not make reference to any liability by defendant. It states, however, that "every advertisement is subject to terms and conditions in the Rate Card in effect for the issue in which it is published." No such "Rate Card" is attached to the Complaint and, therefore, the

documents referred to in the Complaint do not support plaintiff's claim regarding Architectural Digest advertisements.

12. Further, the Domino "Insertion Order," dated September 20, 2005, referred to in the Complaint to support the remainder of plaintiff's claim states that it is "[s]ubject to the terms and conditions of domino's current ratecard." The only "rate card" attached to the Complaint is a Domino "Contract + Regulations: <u>2007</u> Advertising Rate Card Copy and Contract Terms and Conditions" (emphasis added) that <u>post-dated</u> the attached insertion order and, therefore, cannot be "domino's current ratecard" as of the date of that insertion order. Therefore, the documents annexed to the Complaint do not support plaintiff's claim regarding Domino advertisements.

### THIRD AFFIRMATIVE DEFENSE

13. Payment in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

14. Plaintiff is estopped from recovering on its claim against defendant.

### FIFTH AFFIRMATIVE DEFENSE

15. Plaintiff has unclean hands.

**WHEREFORE**, defendant, CBK Styles, Inc., hereby demands judgment:

(a) dismissing the Complaint in its entirety;

(b) awarding defendant its costs, including reasonable attorneys' fees, of this action; and

(c)   awarding defendant such other and further relief as is just.

Dated: New York, New York
       September 2, 2008

                                          EATON & VAN WINKLE LLP

                                          By: _____
                                              Alexander D. Tripp (AT-2995)
                                          3 Park Avenue, 16th Floor
                                          New York, New York 10016
                                          (212) 779-9910; Fax: (212) 779-9928
                                          *Attorneys for Defendant CBK Styles, Inc.*

TO:    Samuel Grafton, Esq.
        Popper & Grafton
        225 West 34th Street, Suite 1609
        New York, NY 10122-1600
        *Attorneys for Plaintiff Conde Nast*

## VERIFICATION

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF NEW YORK )

      Alexander Tripp, being duly sworn, states that he is the attorney for defendant in this action and that the foregoing Verified Answer is true to his own knowledge except to those matters therein stated on information and belief and as to those matters he believes it to be true; that the grounds of his belief as to all matters not stated upon his knowledge are writings furnished to him by defendant and interviews with officers and employees of defendant; and that the reason why the verification is not made by defendant is that it is a foreign corporation that does not have offices in the county where our firm is located.

                                                        Alexander Tripp

Sworn to before me the
2nd day of September, 2008

_____
NOTARY

STEVEN J. LAPRIORE JR.
Notary Public, State of New York
No. 01LA6184940
Qualified in Orange County
Commission Expires April 7, 2012